**No. 46056.**—Protest 2345–K of Hori Bros. (Los Angeles).

KEEFE, Judge: This case involves the classification of certain articles assessed for duty at 10 cents per dozen pieces and 50 percent ad valorem as colored earthenware under the provisions of paragraph 211, Tariff Act of 1930. The plaintiffs claim that the earthenware articles are not colored and therefore are properly dutiable under the same paragraph at 45 percent ad valorem and 10 cents per dozen pieces.

At the trial an illustrative exhibit was admitted in evidence as representative, except for shape and size, of the articles in question appearing upon the invoice under item numbers N–11–5, N–38–13, N–37–B–10, N–44–8, N–45–9, N–10–13, N–10–15, N–12–12, N–12–10, N–44–5, and N–61–150.

The manager of the importing department of the plaintiff company testified that he had observed articles like exhibit 1 manufactured in Japan. That the entire process consisted of removing clay from the ground, adding water, and mixing, to obtain the finer portions, placing the mass of clay upon a turning wheel or lathe where it is shaped into the desired objects, and thereafter baked in an oven. The witness was positive that no color was added at the time of glazing.

The examiner of earthenware at Los Angeles testified that all of the merchandise in question was not similar to the sample in evidence, because items N–44–8, N–10–15, and N–44–5, in addition to a colored glaze, had been further decorated;

that the merchandise was classified at 50 percent ad valorem because he was of the opinion that color had been added to the glazed surface upon all of the items in question; that when color is added to a glaze it is not considered to be plain uncolored earthenware. The witness further testified that he believed that a color had been added to the glaze because the glazed surface presented a cream color while the clay interior of the articles was much whiter. Upon an oral examination of the sample in the court room he was still of the opinion that the glaze contained an added color because he believed the glaze to be opaque. The witness further testified that if the article was covered with a transparent glaze the color of the clay and the color of the glazed surface would have been the same.

The question presented herein is purely one of fact, to wit, whether or not the glazed surface of the articles in question contained an added color so that it became opaque rather than remaining transparent or translucent. If a color was added to the glaze the merchandise is properly dutiable as colored earthenware, if not, it takes the lower rate of plain earthenware. The testimony is conflicting. Each witness is equally insistent as to the nature of the glaze.

Fortunately, a sample, agreed by both sides to represent the merchandise so far as the glaze is concerned, is before the court. A portion of the surface is broken so that the inner clay portion as well as the edges of the glaze are readily available for inspection. We note that the inner portion is a few shades whiter than the glazed surface. However, a transparent glaze placed over a white surface would tend to darken or soften the color, because, according to the lexicographers, all glaze is translucent rather than transparent. An examination of the article in evidence substantiates the testimony of plaintiffs' witness that the glaze applied thereto does not possess any color. A very thin sliver thereof broken from fragments of the exhibit is quite transparent and without color and an observation of the broken surfaces of the glaze establishes that it is translucent. Had a color been added to the glaze the effect thereof would be to make the glaze opaque. From our examination of the sample, therefore, we are of the opinion that the evidence submitted by the plaintiffs establishes that the articles herein are not covered with a colored glaze. We therefore hold that all of the items in question except the items which the examiner stated had been further decorated are held properly dutiable at 10 cents per dozen pieces and 45 percent ad valorem as plain earthenware.

Judgment will therefore be entered in favor of the plaintiffs to the extent indicated and the collector of customs at the port of Los Angeles is directed to reliquidate the entry and make refund accordingly. In all other respects the protest is overruled.